

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| IN THE MATTER OF THE SEARCH OF<br><br>Common Carrier parcel 1Z6F22060297293351 addressed to, "9077208291 Jaylen Bingham 4900 Palmer-Wasilla Hwy #106 – Mailbox 192 Wasilla, AK 99654" currently located at 341 W. Tudor Rd. Ste 208, Anchorage, AK 99503 | Case No. 3:24-mj-00063-KFR |
|---|---|

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 <u>FOR A WARRANT TO SEARCH AND SEIZE</u>**

I, Postal Inspector Alexander Laumb, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I seek authority to search common carrier parcel 1Z6F22060297293351 addressed to "9077208291 Jaylen Bingham 4900 Palmer-Wasilla Hwy #106 – Mailbox 192 Wasilla, AK 99654" with return address "Duc Hiep Company 8889533888 638 N Broadway Federal, CA 90012" (hereafter referred to as the **SUBJECT PARCEL**) for controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 843(b), and 18 U.S.C. § 1716.

2. The following information is based on my own knowledge, information obtained from other law enforcement agents and officers, and from specific sources as set forth herein. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

//

//

# AGENT BACKGROUND

3. I am a U.S. Postal Inspector employed by the Seattle Division of the U.S. Postal Inspection Service, specifically in the Anchorage Domicile and have been so employed since August of 2019. In this role, I am a sworn federal law enforcement officer empowered to investigate criminal activity involving or relating to the United States Postal Service and/or United States Mail. As part of my duties, I investigate incidents where the United States' mail system is used for the purpose of transporting non-mailable matter, including controlled substances in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance, 21 U.S.C. § 843(b), use of a communication facility to facilitate the commission of a federal drug felony, and 18 U.S.C. § 1716, injurious articles as nonmailable.

4. I attended and graduated from a three-month Basic Inspector Training (BIT) academy operated by the United States Postal Inspection Service (USPIS) in November 2019. While attending the BIT academy, I received training and instruction on investigating federal crimes that involve the United States Postal Service and United States Mail including, but not limited to, the sending of illegal drugs through the U.S. Mail, robbery and burglary of postal facilities, destruction of government property, theft of U.S. Mail, possession of stolen U.S. Mail, mail and bank fraud, identity theft, and counterfeit personal checks and identification documents.

5. Prior to my employment with the USPIS, I was employed for nine years by the Washington National Guard Counterdrug Program as a Criminal Analyst. From 2010

to 2015, I was assigned to the Tri-City Metro Drug Task Force in Kennewick, WA and the Snohomish Regional Drug Task Force in Everett, WA.

6. In May 2009, I received a bachelor's degree in Political Science from Pacific Lutheran University in Tacoma, WA.

## BACKGROUND INFORMATION ABOUT PARCELS THAT CONTAIN CONTROLLED SUBSTANCES

7. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators often exist when persons use the United States Mails to move controlled substances from one location to another. Indicators for parcels that may contain controlled substances include, but are not limited to, the following:

    i. These parcels in many instances contain a fictitious or incomplete return address, no return address, a return address that is the same as the addressee address, or a return address that does not match the parcel's entry into the mail stream. These packages are also sometimes addressed to or from a commercial mail receiving agency (i.e., UPS Store). These address practices are used by narcotics traffickers to hide from law enforcement officials the identity of the person(s) shipping and/or receiving the controlled substances.

    ii. Shippers of controlled substances often pay in cash instead of by credit or debit card. This hides the shipper's identity by making it difficult for law enforcement to identify them through electronic payment records.

8. I know from training and discussions with other law enforcement officers that the following controlled substances are likely to be found during parcel interdictions: marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, fentanyl, and MDMA.

## FEDERAL STATUTES

9. Based on my investigation in this case, I submit that there is probable cause to search common carrier parcel 1Z6F22060297293351 for evidence, fruits, and instrumentalities of violations of the following federal statutes:

    i. Title 21, United States Code, Section 841, which prohibits the "knowing or intentional manufacture, distribution, dispensing, or possession with intent to manufacture, distribute, or dispense, a controlled substance[.]"

    ii. Title 21, United States Code, Section 843(b), which prohibits the knowing or intentional use of any communication facility in committing or in causing to facilitate the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter.

    iii. Title 18, United States Code, Section 1716, which prohibits the mailing of nonmailable matter, including, but not limited to, poison, and "all other natural or artificial articles, compositions, or materials which may kill or injure another, or injure the mails or other property, whether or not sealed as first class matter[.]"

        i. Marijuana, methamphetamine, cocaine, LSD, psilocybin mushrooms, heroin, opium, fentanyl, and MDMA are nonmailable matter.

//



# STATEMENT OF PROBABLE CAUSE

10. On January 25, 2024, USPIS was contacted by the owner of AG SVCS Virtual Mail Service, 4900 Palmer-Wasilla Hwy. # 106, Wasilla, AK 99654. AG SVCS operates as a Commercial Mail Receiving Agency (CMRA) on behalf of multiple virtual mailbox companies including Anytime Mailbox. In that role AG SVCS processes USPS PS Form 1583 "Application for Delivery of Mail Through Agent." AK SVCS contacted USPIS regarding concerns that someone was impersonating their customer "Jaylen Bingham."

11. An AK SVCS representative told USPIS that "Jaylen Bingham" opened an account with PS Form 1583 on November 11, 2023. Thereafter, "Bingham" used AK SVCS to forward mail to various addresses in New Zealand.

12. AK SVCS was instructed by "Bingham" via the Anytime Mailbox service application to forward the **SUBJECT PARCEL** and another accompanying parcel to a different location. AK SVCS had questions regarding the request and was contacted by "Bingham" telephonically to discuss the request. During the conversation, the person claiming to be "Bingham" did not pronounce their name but spelled it to AK SVCS. After this phone call, AK SVCS called the phone number listed on PS Form 1583 (626-357-2659). The AK SVCS representative reported that the number they called connected them with an Asian restaurant. The individual who answered claimed to know "Bingham" and advised that he was on vacation. The individual also requested that AK SVCS forward "Bingham's" package as instructed by the mailing order.

//

13. The AK SVCS representative advised USPIS that they still had custody of the two parcels "Bingham" had asked them to forward.

14. On January 29, 2024, I contacted the AK SVCS representative who reiterated what they had previously told USPIS. The AK SVCS representative reported that they had sent 2-3 parcels to New Zealand on behalf of "Bingham." I requested AK SVCS to send me the PS Form 1583 they had on file and information about the two parcels they still had at their office.

15. On January 29, 2024, AK SVCS e-mailed me a copy of the PS Form 1583 for "Bingham," the common carrier tracking information for the three previously mailed parcels, and photos of common carrier parcel 1Z6F22060291854050 and the **SUBJECT PARCEL**.

16. I reviewed the PS Form 1583 application for "Jaylen Bingham" which included a California photo ID for a young African American male with date of birth 04/24/1997 and an address listed as 3135 Coyote Rd. Palmdale, CA 93550. The AK SVCS representative advised that the individual with whom she had spoken and who identified himself as "Bingham" sounded like an older man, rather than a young African American male. A search of "CLEAR" last associated a "Jaylen Bingham" to the listed address (3135 Coyote Rd. Palmdale, CA 93550) in April 2020. The data provided by "CLEAR" is a compilation of over 33 billion public records from over 8,800 different data sources that are updated daily, weekly, monthly, or annually, depending on the particular data source.

//

17. On January 30, 2024, I attempted to contact "Jaylen Bingham" at phone numbers listed in "CLEAR" but was unable to make contact.

18. On January 30, 2024, I met with the representative of AK SVCS at their office in Wasilla. I secured common carrier parcel 1Z6F22060291854050 and the **SUBJECT PARCEL**. AK SVCS provided the complete shipping history for the three parcels that were previously forwarded to New Zealand.

    i. Common carrier tracking 1ZC8Y2810400017816 was shipped on 11/24/2023 addressed to "Henry Hao 3C Kain St Mount Eden New Zealand 1024 NZ 64220284270."

    ii. Common carrier tracking 1ZC8Y2810401744832 was shipped on 12/08/2023 addressed to "Kevin Wedgeworth 21 Jordan Ave Onehunga New Zealand 1061 NZ 6422609461."

    iii. Common carrier tracking 1ZC8Y2810400662048 was shipped on 12/26/2023 addressed to "Melisa Watisca n/a 88 Longhorn Drive Flat Bush New Zealand 2019 NZ 64220239300." AK SVCS said that this parcel may be getting returned to her office.

19. AK SVCS provided phone number "646-342-1658," which was used by the subject purporting to be "Jaylen Bingham."

20. AK SVCS showed me electronic messages they had exchanged with "Bingham" through the Anytime Mailbox service. AK SVCS continued to offer forwarding service to the individual who represented himself to be "Bingham," but requested that he apply for a new account with a correct and updated PS Form 1583 with the applicant's correct

identity. The individual declined and the final message from "Bingham" to AK SVCS requested AK SVCS to throw away the parcels if they were not suitable for domestic or international shipment. The AK SVCS representative showed me a record that indicated "Bingham" had closed the account with AK SVCS after she told him that she would be contacting Anytime Mailbox about this matter.

21. On January 30, 2024, I secured the **SUBJECT PARCEL** and common carrier parcel **1Z6F22060291854050** at the USPIS Anchorage Domicile. I confirmed that the **SUBJECT PARCEL** is common carrier parcel 1Z6F22060297293351 addressed to, "9077208291 Jaylen Bingham 4900 Palmer-Wasilla Hwy #106 – Mailbox 192 Wasilla, AK 99654" with return address, "Duc Hiep Company 8889533888 638 N Broadway Federal CA 90012." The **SUBJECT PARCEL** is a brown cardboard shipping box measuring approximately 16 inches x 20 inches x 7 inches, weighing approximately twenty-three (23) pounds and was shipped from Cerritos, CA on January 11, 2024. A photograph of the **SUBJECT PARCEL** is included in **Attachment A**.

22. I determined that the **SUBJECT PARCEL** has indicators consistent with parcels containing controlled substances due to the following factors:

    A. The **SUBJECT PARCEL** was mailed from California, a known drug source area for narcotics being shipped to Alaska.

    B. The **SUBJECT PARCEL** was shipped to a CMRA to a location outside of the shipper's geographic region. In my training and experience shippers of controlled substances will utilize CMRAs to send and receive mail and common carrier parcels in an effort to evade detection by law enforcement because the

addressee for the parcel is the CMRA and not associated to any specific individual.

C. The **SUBJECT PARCEL** was going to be forwarded from the CMRA to a different location. In my training and experience, narcotic traffickers will utilize the forwarding services provided by CMRAs to send narcotics to their final destination, further distancing the narcotics from their origin to evade law enforcement scrutiny.

D. The return address for the **SUBJECT PARCEL** is listed as "Duc Hiep Company 638 N Broadway Federal, CA 90012." There is no city "Federal" with zip code 90012. Zip code 90012 is for the Chinatown section of Los Angeles, CA. A search of "Google" associates "Ping on Pharmacy," "Yum Cha Café," and "Duc Hiep Company" with "638 N Broadway Los Angeles, CA 90012."

E. A search of "Google" for "Duc Hiep Company" returns very limited results including an unclaimed "Yelp" site listing the business as a mobile phone accessory store. A current search of "Google Maps Streetview" associates a "Golden Tree" restaurant to the location. In my training and experience, narcotic traffickers will utilize fictitious return addresses of front companies with no legitimate business activity in an effort to appear legitimate during the shipping process and avoid detection by law enforcement.

23. On January 31, 2024, I made arrangements for Alaska State Trooper (AST) Investigator Andrew Gault and his canine "Mocha" to examine the **SUBJECT PARCEL** at the Alaska State Troopers HIDTA office in Anchorage, AK.

6
020524

24. On January 31, 2024, AST Investigator Gault and his canine "Mocha" searched an area near the Alaska State Troopers HIDTA office in Anchorage, AK for the **SUBJECT PARCEL**. At approximately 11:29 AM AST Investigator Gault, "Mocha's" handler, advised USPIS personnel that the canine located the **SUBJECT PARCEL** and exhibited a change in behavior consistent with the presence of an odor of a controlled substance the canine is trained to recognize. Attached hereto as **Exhibit 1** and incorporated herein by reference is a true and correct copy of a written statement provided by AST Investigator Gault which sets forth "Mocha's" training and experience as a narcotics detector dog.

25. An AUSA in the District of Alaska has reviewed and approved the search warrant submission to the court.

26. The **SUBJECT PARCEL** is currently in USPIS custody at the Anchorage USPIS Domicile located at 341 W Tudor Rd. Ste 208, Anchorage, AK 99503, and is in its original sealed and intact condition.

## CONCLUSION

27. Based on my training and experience as a Postal Inspector and the aforementioned factors, I believe there is probable cause to believe that Common Carrier parcel 1Z6F22060297293351 addressed to, "9077208291 Jaylen Bingham 4900 Palmer-Wasilla Hwy #106 – Mailbox 192 Wasilla, AK 99654" with return address, "Duc Hiep Company 8889533888 638 N Broadway Federal CA 90012" contains controlled substances and/or other evidence of violations of Title 21, United States Code, Sections 841(a)(1) and 843(b), and Title 18, United States Code, Section 1716.

28. Accordingly, I ask the Court to issue a warrant for the search of the places described in Attachment A for the items described in Attachment B.

29. Because this warrant seeks only permission to examine property already in law enforcement's possession and the execution of this warrant does not otherwise involve the physical intrusion onto any premises, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_____
Alexander Laumb
Digitally signed by Alexander Laumb
Date: 2024.02.03 09:06:26 -09'00'

ALEXANDER LAUMB
Postal Inspector, USPIS
Anchorage Domicile

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed.R.Crim.P. 4.1 and 41(d)(3) on this____day of _____ 20___.

_____
HON. KYLE F. REARDON
United States Magistrate Judge
District of Alaska
February 5, 2024